JAMES HANNAH *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 855.]

1. CRIMINAL LAW. *Capital crime. Jury. Special ·venire. Right to list.  Code* 1892, § 1408.

Under Code 1892, § 1408, entitling a person indicted for a capital crime to a copy of the indictment and a list of the special venire summoned for his trial, if he demand the same by motion in writing before the completion of the drawing of the special venire, it is in the discretion of the trial court to deny such a motion when not made until after the completion of the drawing of the venire.

2. SAME. *Murder. Instructions. Lesser degree of crime. Man-· slaughter.*

Where, according to the testimony, the homicide was either a deliberate murder or committed in self-defense, the refusal by the court to charge on the subject of manslaughter is not reversible error.

FROM the circuit court of Holmes county.·

HON. A. McC. KIMBROUGH, Judge.

Hannah, the appellant, was indicted and tried for and convicted of murder, sentenced to suffer death, and appealed to the su-

preme court. A special venire was drawn in the court below for the trial of the accused, and after the completion of the drawing thereof, defendant Hannah made a motion demanding therein the service on him of a list of the special veniremen drawn to serve on his case. This motion was overruled. Other facts are apparent in the opinion of the court.

*H. H. Elmore,* and *W. L. Dwyer,* for appellant.

A substantial right—and the right to a special venire in those cases in which it is allowed is a most substantial and important right—ought not to be allowed to hinge upon the merest trifle, the passing of a minute of time, when the attorney is making a diligent endeavor to come within requirements. Appellant was not asking for a continuance, but for one day only, in which to examine the list of jurors summoned for his trial. . The application was made on Monday of the second week of court, and the term is a three-weeks' term. Under the circumstances, the request should have been granted in favor of life.

It should not be required of appellant to show that he did not have an impartial jury for his trial. He was entitled to select a jury from men termed impartial and qualified by the law, to the extent that he is given peremptory challenges. His right is in excess of the right to an impartial and qualified jury, because he is entitled to challenge qualified jurors peremptorily and to call for more qualified jurors to take the place of those so challenged. His peremptory challenges are for use against jurors held by the law to be qualified, against whom there is no disqualification to urge. He demanded the right to examine for a day the men's names summoned for the jury, for the reason, among others, that he might use his peremptory challenges intelligently. Because he, without the slightest negligence, was a minute late, the demand was refused. To say that he had an impartial jury is to say that his right of preparation to challenge peremptorily, of which he was deprived, was not of value.

*J. N. Flowers,* assistant attorney-general, for appellee.

Counsel for appellant say that the accused was entitled to have a copy of the indictment and of the list of the special venire summoned for his trial delivered to him at least one entire day before the trial, as provided by Code 1892, § 1408. But the record shows that the motion in writing required by said section was not presented until after the conclusion of the drawing of the special venire. It does not appear that any harm resulted, nor that the defendant failed to get a fair and impartial jury to try his case. The right to demand a copy of the indictment and of the list of jurors summoned is one that can be waived and one that frequently is waived.

TRULY, J., delivered the opinion of the court.

. Code 1892, § 1408, which provides that every person indicted for a capital crime may have served on him or his counsel a copy of the indictment and a list of the special venire summoned for his trial one entire day before such trial, attaches as a condition precedent to this privilege that the demand therefor shall be "by motion in writing before the completion of the drawing of the special venire." In the instant case, as appears from the very frank statement of counsel themselves, no demand for such copy and list, no motion in writing therefor, was made until after the drawing of the special venire had been completed. It was therefore within the exercise of judicial discretion to deny the motion when subsequently presented. Hence this assignment of error is not tenable, especially in view of the further fact that there is no pretense that the appellant experienced any difficulty in procuring a perfectly fair and impartial jury, and it is not shown that he was in any manner prejudiced by the action of the court.

The assignment of error predicated of the cross-examination of the appellant is without merit. The question objected to was itself a perfectly proper one, and the state might with perfect

propriety have gone further in the investigation, had the district attorney so desired.

The action of the court in refusing the instruction as to manslaughter was manifestly correct. According to appellant's own story the homicide was either a deliberate murder or was committed in self-defense. The jury accepted the theory of the state and convicted the appellant, and we are clearly of the opinion that the evidence fully sustains their finding.

*Affirmed.*